1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   UNITED STATES OF AMERICA,                    No. CR 13-0068 WHA

11        Plaintiff,

12   v.                                           **ORDER DENYING MOTION
                                                  TO REDUCE SENTENCE
13   LEONICIO GONZALEZ-BARRAGAN,                  UNDER AMENDMENT 794
                                                  AND SEEKING A RESPONSE
14        Defendant.                              FROM THE GOVERNMENT
                                                  AND PROBATION
15   _____/           RE AMENDMENT 782**

16        In July 2013, the undersigned judge sentenced defendant Leonicio Gonzalez-Barragan.

17   On November 1, 2015, the United States Sentencing Commission passed Amendment 794 to

18   the sentencing guidelines, which identified several factors to be considered in applying a "minor

19   role" adjustment to defendants' offense level in drug cases, which had been applied

20   inconsistently before the amendment.

21        Amendment 794 "resolved a circuit split, and was intended as a clarifying amendment."

22   *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). *Quintero-Leyva* held that

23   Amendment 794 applied retroactively in direct appeals, but it did not address whether it could

24   apply to motions for reduced sentences. The only appropriate motion for a sentencing reduction

25   in this context would be under Section 3582. *See Hamilton v. United States*, 67 F.3d 761, 763

26   (9th Cir. 1995). A clarifying amendment is not retroactive for a motion under Section 3582.

27   *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008); *see also United States. v.*

28   *Nunez*, No. 13-cr-00383, 2017 WL 119169, at *6 (N.D. Cal. Jan. 12, 2017) (Chief Judge Phyllis

Hamilton) (addressing the same issue regarding Amendment 794). Notably, Amendment 794

1  has not been given retroactive effect for the purposes of a motion for a sentence reduction under

2  Section 3582 inasmuch as it is not listed among the covered amendments in U.S.S.G. 1B1.10(d)

3  that warrant a reduction pursuant to that section.

4        Gonzalez-Barragan now moves, pro se, under Section 3582(c) for a reduction of his

5  sentence pursuant to Amendment 794.  Because, as stated, Amendment 794 does not have

6  retroactive effect for such motions, defendant's motion on that theory is **DENIED**.

7        Although Gonzalez-Barragan's petition primarily addresses Amendment 794, the final

8  section also seeks relief under Amendment 782.  The United States and the Probation Office

9  will please respond to that particular request by **JUNE 15, AT NOON**.

10

11        **IT IS SO ORDERED.**

12

13  Dated:   May 16, 2017.

14                              WILLIAM ALSUP
                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2